UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PHILLIP & VICKIE PLASTERER, | ) | |
| Plaintiffs, | ) ) ) | No. 1:10CV079 |
| vs. | ) ) ) | |
| FRONTIER FINANCIAL GROUP. | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

COMES NOW the Plaintiffs, PHILLIP & VICKIE PLASTERER ("Plaintiffs"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, FRONTIER FINANCIAL GROUP, alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Indiana, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

### PARTIES

6. Plaintiffs are natural persons who reside in Markle, Indiana and are obligated or

1

allegedly obligated to pay a debt and are "consumers" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiffs are informed and believe, and thereon allege, that Defendant is a national company with a business office in Las Vegas, Nevada.

8. Plaintiffs are informed and believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged consumer debt.

10. Defendant constantly and continuously places collection calls to Plaintiffs from the number (866) 443-6985 seeking and demanding payment for an alleged consumer debt.

11. Defendant solicited a check post dated by more than five days and failed to provide three business days written notice of intent to deposit.

12. Defendant used abusive language by implying that Plaintiffs were lying while seeking and demanding payment.

13. Defendant threatened to garnish Plaintiff's wages and repossess Plaintiffs' property while seeking and demanding payment.

14. Defendant failed to provide Plaintiffs a 30 day validation notice.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17.     Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

18.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a)     Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiffs at a time and place known to be inconvenient.

   b)     Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs.

   c)     Defendant violated §1692d(2) of the FDCPA by using abusive language while seeking and demanding payment for the alleged consumer debt.

   d)     Defendant violated §1692d(5) of the FDCPA causing the phone to ring and engaging Plaintiffs in phone conversations repeatedly.

   e)     Defendant violated §1692e of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

   f)     Defendant violated §1692e(2) of the FDCPA by misrepresenting the character, amount, or legal status of the alleged debt.

   g)     Defendant violated §1692e(4) of the FDCPA by threatening that the nonpayment of any debt will result in arrest, seizure, garnishment, or attachment.

   h)     Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

i) Defendant violated §1692e(10) of the FDCPA by making false representations and engaging in deceptive means in connection with debt collection.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

20. Actual damages.

21. Statutory damages of $1000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

22. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

23. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

Harry Bradley
Attorney for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Ave, 10th Floor
Chicago, IL 60602

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, PHILLIP & VICKIE PLASTERER, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA)

Plaintiff, VICKIE L PLASTERER, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, VICKIE L PLASTERER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3-12-2010

VICKIE L PLASTERER,
Plaintiff

6

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA)

Plaintiff, PHILIP L PLASTERER, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, PHILIP L PLASTERER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3-12-10

*/s/ Philip L. Plasterer*
PHILIP L PLASTERER,
Plaintiff

7